## Miller v. Stoudt.

*Stevens & Lee* and *Ralph C. Body*, for plaintiff and rule.
*Charles K. Derr* and *Samuel E. Bertolet*, for defendant.

SCHAEFFER, P. J., Dec. 21, 1929.—The plaintiff has filed a mechanic's lien to which the defendants have filed their affidavit of defense. Upon the trial we directed a verdict for the defendants. This action is now before us for review upon plaintiff's motion for a new trial.

The lien sets forth that the work and labor were furnished in accordance with a certain oral contract entered into between Calvin Miller, as the authorized agent of the defendant, and said John R. Miller.

In order to prove the agency of Calvin Miller, the plaintiff offered in evidence an agreement in writing which was as follows:

"Calvin Miller *v.* Charles M. Stoudt.

"This contract, made on the 8th day of May, 1928, in the Borough of Strausstown between the aforesaid parties, specifies the following:

"Calvin Miller, contractor, agrees to erect a house for Charles M. Stoudt, at a cost of Six Thousand One Hundred Twenty-five Dollars ($6,125.00); also to furnish all lumber, concrete, fixtures, etc., necessary to complete the building; to place roof on same; to install all the plumbing and heating fixtures; and also to paint the interior and exterior of the house. He also agrees to wire the house and place all switches as ordered.

"Mr. Stoudt agrees to pay all bills as they come in and that Mr. Miller is absolutely free from any obligation on that part; all bills which are paid by Mr. Stoudt shall be deducted from the amount of the contract."

This contract was signed by Calvin T. Miller and Charles M. Stoudt.

We are of the opinion that there is nothing in this agreement which constituted Calvin T. Miller the agent of the defendants for the purpose of engaging the plaintiff or any one to work upon the building as an independent contractor with power to file a lien for unpaid wages. John R. Miller happens to be a minor son of Calvin T. Miller and was engaged by the latter to work upon the job as a carpenter for the sum of 40 cents per hour. The claim was filed more than three months after the completion of the work, and there is no claim here that John was a sub-contractor. He claims as an independent contractor employed not directly by the defendants, but by his father as the defendant's agent. In support of the contention of agency, the claimant relies upon the first sentence of the second paragraph of the agreement, to wit, the provision that Mr. Stoudt agreed to pay all bills. This stipulation standing by itself might be susceptible of the construction that Miller was the agent for the man who was to pay the bills; but the entire agreement must be read from its four corners and construed as one instrument. Certainly its purport is that Calvin T. Miller was to erect a complete house for Stoudt for the sum of $6125, and that Stoudt should pay the bills contracted by Miller in so doing, and should hold Miller harmless from claims upon the bills so paid, and that the amounts so paid by Stoudt should be deducted from the contract price in final settlement with Miller. By the contract Miller became an independent contractor and not the agent of Stoudt. The agreement gave unto Miller complete control of the operation; he was free to employ such help or let such sub-contracts as he saw fit in carrying out his agreement. His was the right to control the work; Stoudt reserved no right to interfere with Miller's employment of particular persons. His only obligation was to pay. And the fact that Miller agreed that a portion of the contract price was to be paid by Stoudt to those whom Miller employed or dealt with cannot be held to have changed the character of Miller's relation to Stoudt. He was the party who contracted with Stoudt for the erection of the house. He did not thereby become Stoudt's agent or *alter ego;* in employing workmen he acted for himself, not for Stoudt. "The employment of a contractor or jobber to do a particular piece of work does not render him an agent nor authorize him to pledge the credit of his employer:" Wayne *v.* Johnson, 1 Phila. 503. Of course, it may be possible to draw a contract in which one of the parties may be an independent contractor as to certain matters and the agent of his employer in other matters; but the contract before us is clearly insufficient to establish the agency of Miller.

It is not contended that the claimant can sustain his lien as a journeyman workman, in which capacity he really worked. For the inability of a journeyman workman to file a lien under the Act of June 4, 1901, P. L. 431, has been clearly set forth in Dunkelberger *v.* The Narrow Fabric Co., Inc., 7 Berks Co. L. J. 175.

And now, to wit, Dec. 21, 1929, the rule for a new trial is discharged.